TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiff,*
*Kelly Freeman*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelly Freeman,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation; TRANS UNION, LLC, a Delaware limited liability company; EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation; and EXPRESS RECOVERY SERVICES, INC., a Utah Corporation,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES THE PLAINTIFF, KELLY FREEMAN, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681, *et seq.* and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Gilbert, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, LLC ("Equifax"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

    c. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona, and ,

    d. Express Recovery Services ("ERS"), which is a Utah corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. ERS is reporting a trade line with account number 390XXXX ("Bogus Trade Line") on Mr. Freeman's Experian, Equifax, and Trans Union credit files. This is regarding a debt allegedly owed to Rocky Mountain Power regarding an electrical service allegedly provided to Plaintiff between 2005 and 2011.

7. Mr. Freeman purchased a ranch in Utah in 2005. In 2011, via a telephone conversation from Rocky Mountain Power, Mr. Freeman learned that there was a small shack on his property, and he was asked if he wanted to turn on the power in his name there. He agreed. Mr. Freeman was previously unaware of the shack on his property and did not use any electricity or power in it. He turned on the power to the shack with Rocky Mountain in 2011.

8. On or about April 13, 2011, Mr. Freeman received a letter from Rocky Mountain Power introducing itself.

3

9. On or about April 21, 2011, Mr. Freeman received a bill from Rocky Mountain Power showing a past due amount of $3,963.40. This showed transferred transactions from 2009, 2010, and 2011.

10. Mr. Freeman disputed this directly with Rocky Mountain Power. He stated that he did not incur the backdated payments and charges.

11. On or about April 27, 2011, Mr. Freeman received another bill from Rocky Mountain Power, stating that he owed $404.00, threatening to shut off his power.

12. On or about May 20, 2011, Mr. Freeman received another bill from Rocky Mountain Power in the amount of $4,153.98.

13. On or about May 26, 2011, Mr. Freeman received another bill from Rocky Mountain Power in the amount of $3,963.40.

14. On or about June 24, 2011, Mr. Freeman received yet another bill from Rocky Mountain Power in the amount of $3,889.65.

15. On or about July 22, 2011, Mr. Freeman received a letter from Rocky Mountain Power, attempting to collect $3,440.48.

16. Mr. Freeman received a second letter on July 22, 2011 from Rocky Mountain Power, attempting to collect $443.17.

17. Mr. Freeman paid Rocky Mountain Power only the amount of $443.17, as he did not owe the other amounts.

4

18. On or about October 8, 2014, Mr. Freeman obtained his credit report and noticed the Bogus Trade Line. He then disputed the Bogus Trade Line with Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs").

19. On or about April 23, 2015, Mr. Freeman sent a letter to the CRAs, disputing the Bogus Trade Line and requesting that it be removed from his credit files.

20. Upon information and belief, Defendants Experian, Trans Union, and Equifax forwarded Mr. Freeman's dispute to Defendant ERS.

21. On or about August 20, 2015, Mr. Freeman obtained his credit files and noticed that ERS did not remove the Bogus Trade Line from his Experian, Equifax, and Trans Union credit files.

22. Moreover, ERS failed to report to Equifax that the trade line was disputed, in violation of the Fair Debt Collection Practices Act ("FDCPA").

**COUNT I**
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY ERS**

23. Plaintiff re-alleges the above paragraphs as if recited verbatim.

24. At all relevant times, Defendant ERS, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

25. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

26. Defendant ERS is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

27. Defendant ERS' foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. ERS did this when it placed the trade line on Mr. Freeman's Equifax credit file without reporting the word "disputed."

    b. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt. Mr. Freeman does not owe the alleged debt.

28. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant him a judgment against Defendant for actual damages, costs, interest, and attorneys' fees

## COUNT II

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ERS

29. Plaintiff re-alleges the above paragraphs as if recited verbatim.

30. After being informed by Experian, Equifax, and Trans Union of Mr. Freeman's consumer dispute regarding the Bogus Trade Line, ERS negligently failed to conduct a proper reinvestigation of Mr. Freeman's disputes as required by 15 USC 1681s-2(b).

31. ERS negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct the CRAs to remove the Bogus Trade Line from Mr. Freeman's credit file.

32. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Freeman's consumer credit file with Experian, Equifax, and Trans Union, to which it is reporting such trade line.

33. As a direct and proximate cause of ERS' negligent failure to perform its duties under the FCRA, Mr. Freeman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. ERS is liable to Mr. Freeman by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

35. Mr. Freeman has a private right of action to assert claims against ERS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against ERS for damages, costs, interest, and attorneys' fees.

## COUNT III

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ERS

36. Plaintiff re-alleges the above paragraphs as if recited verbatim.

37. After being informed by Experian, Trans Union, and Equifax that Mr. Freeman disputed the accuracy of the information it was providing, ERS willfully failed to conduct a proper reinvestigation of Mr. Freeman's dispute.

38. ERS willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

39. As a direct and proximate cause of ERS's willful failure to perform its respective duties under the FCRA, Mr. Freeman has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

40. ERS is liable to Mr. Freeman for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be

determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against ERS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

41. Plaintiff re-alleges the above paragraphs as if recited verbatim.

42. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Freeman as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Freeman that was false, misleading, and inaccurate.

44. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Freeman, in violation of 15 USC 1681e(b).

45. After receiving Mr. Freeman's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Freeman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Trans Union is liable to Mr. Freeman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

### COUNT V

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

48. Plaintiff re-alleges the above paragraphs as if recited verbatim.

49. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Freeman as that term is defined in 15 USC 1681a.

50. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

10

51. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Freeman, in violation of 15 USC 1681e(b).

52. After receiving Mr. Freeman's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Freeman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Trans Union is liable to Mr. Freeman by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VI

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

55. Plaintiff re-alleges the above paragraphs as if recited verbatim.

56. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Freeman as that term is defined in 15 USC 1681a.

57. Such reports contained information about Mr. Freeman that was false, misleading, and inaccurate.

58. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Freeman, in violation of 15 USC 1681e(b).

59. After receiving Mr. Freeman's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Freeman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Equifax is liable to Mr. Freeman by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

62. Plaintiff re-alleges the above paragraphs as if recited verbatim.

63. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Freeman as that term is defined in 15 USC 1681a.

64. Such reports contained information about Mr. Freeman that was false, misleading, and inaccurate.

65. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Freeman, in violation of 15 USC 1681e(b).

66. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

67. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Freeman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

68. Equifax is liable to Mr. Freeman by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VIII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

69. Plaintiff re-alleges the above paragraphs as if recited verbatim.

70. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Freeman as that term is defined in 15 USC 1681a.

71. Such reports contained information about Mr. Freeman that was false, misleading, and inaccurate.

72. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Freeman, in violation of 15 USC 1681e(b).

73. After receiving Mr. Freeman's consumer dispute to the Bogus Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

74. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Freeman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

75. Experian is liable to Mr. Freeman by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IX

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

76. Plaintiff re-alleges the above paragraphs as if recited verbatim.

77. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Freeman as that term is defined in 15 USC 1681a.

78. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

79. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Freeman, in violation of 15 USC 1681e(b).

80. After receiving Mr. Freeman's consumer dispute to the Bogus Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

81. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Freeman has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

82. Experian is liable to Mr. Freeman by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

1
2  DATED:  September 4, 2015                KENT LAW OFFICES
3
                                            By: */s/   Trinette G. Kent*
4                                           Trinette G. Kent
                                            Attorneys for Plaintiff,
5                                           Kelly Freeman
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28